LEONARD J. RUBIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rubin v. Commissioner
Docket No. 3510-73.
United States Tax Court
T.C. Memo 1974-216; 1974 Tax Ct. Memo LEXIS 103; 33 T.C.M. (CCH) 967; T.C.M. (RIA) 74216; August 26, 1974, Filed. *103 Leonard J. Rubin, pro se. Edward P. Phillips, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $1,067.30 in petitioner's Federal income tax for the year 1969. At issue is whether the petitioner is entitled to certain deductions claimed for business expenses, medical and dental expenses, and charitable contributions disallowed by the respondent. FINDINGS OF FACT Leonard J. Rubin (herein called petitioner) was a legal resident of Stone Mountain, Georgia, when he filed his petition in this proceeding. He and his wife, Shirley, filed a joint Federal income tax return for the taxable year 1969 with the Internal Revenue Service Center, Brookhaven, New York. Shirley Rubin is not a party herein. In 1969, petitioner worked with Calendar Products, Inc., as a salesman of home improvement products in the New York City area. In selling home improvements he customarily called upon prospective customers at their homes and was paid on a commission basis. He traveled by automobile from his home in Brooklyn, New York, to the office of Calendar Products, Inc., in Amityville, Long Island, New York, four *104 to six times a week. The distance from his home to that office by automobile is about 50 miles. Petitioner claimed the following items as a deduction for automobile expenses on his return for 1969: Tolls
$ 308.10
Parking in N.Y.C.
274.80
Lincoln tires & snow tires
192.00
Transmission & chassis repairs
540.00
Pride Lincoln-Merc
200.00
Poladius Svc. Stat.
480.00
Towing
48.00
Insurance
585.00
Wash
130.00
Grease & oil
78.00
Manor Olds
121.79
Plates
36.37
Gas 1,540.00
TOTAL $4,534.06
In his notice of deficiency respondent allowed $2,491 for automobile expenses and $532.60 for tolls and parking. The remainder was disallowed because of petitioner's failure to substantiate that the amounts represented ordinary and necessary business expenses or were expended for the purposes indicated. Petitioner's automobile was driven a distance of 15,289 miles in the 7-1/2 month period from June 20, 1969, to February 5, 1970. In respondent's determination the petitioner was allowed to deduct automobile expenses on the basis of 27,000 miles traveled per year and 90 percent use of the car for business purposes. The cost of gasoline was computed by respondent *105 on the basis of 9 miles per gallon and 39 1/2 cents per gallon. Respondent allowed $585 for automobile insurance, $37 for a license plate, and $100 for washing and simonizing. Respondent allowed the following automobile repairs: Paladius Service Station, 2-17-69
$225.00
Pride Lincoln, 2-28-69
37.21
Paladius Service Station, 4-29-69
178.61
Manor Oldsmobile, 6-20-69
13.39
Manor Oldsmobile, 6-69
91.79
Paladius Service Station, (no date) transmission on Lincoln 313.00
TOTAL $864.00
Petitioner purchased a 1969 Oldsmobile in May 1969, making a downpayment and financing the remainder of the purchase price through General Motors Acceptance Corporation (G.M.A.C.). The loan from G.M.A.C. was repaid in 36 monthly installments of $138.17 each, for a total of $4,974.12. The interest charged on the automobile loan was 6 percent add-on, in addition to a small finance charge. The first month's payment thereon was made in July 1969. The principal amount of the loan was $4,200 and the total amount of interest was, over the 3 years, $756. During 1969, petitioner paid G.M.A.C. interest of $113.40. Petitioner kept the 1969 Oldsmobile throughout the remainder of *106 1969. The car had an expected useful life to petitioner of 3 years. The synagogue to which petitioner claimed a $560 contribution was not indicated by name on his 1969 Federal income tax return. In 1969 petitioner paid amounts to a synagogue for tuition for the religious education of one of his children. In his notice of deficiency respondent disallowed all of petitioner's claimed deductions for interest and depreciation on the 1969 Oldsmobile, and all of the deduction claimed for charitable contributions. Respondent also computed petitioner's 1969 tax liability by use of the standard deduction, rather than using his remaining claimed deductions for medical, dental, and other itemized deductions as listed on his Federal income tax return for 1969. OPINION Respondent's determination is presumptively correct, and petitioner has the burden of proving that it is incorrect. . Aside from his own vague and uncorroborated testimony, petitioner produced no documentary evidence to substantiate any of the claimed deductions. Automobile Expenses Petitioner claimed a deduction for automobile expenses totaling $4,534.06, *107 whereas respondent has allowed only $3,023.60 of such amount. In view of the extensive commuting done by petitioner to and from his employer's location, we are satisfied that respondent was generous in allowing 90 percent of the usage of the car as the basis for the business expense deduction. It is well settled that commuting expenses are nondeductible personal expenses. . Moreover, petitioner offered no credible evidence to support any additional automobile expenses. We therefore sustain respondent's determination on this issue. Interest on Car Loan Petitioner claimed a deduction of $918.12 for interest on an automobile loan in 1969. Respondent asserts that petitioner is entitled to a deduction for such interest in the amount of $113.40 only. Again, petitioner presented no evidence to support his claimed deduction, and his testimony in this regard was vague and indefinite. Respondent, on the other hand, has computed the amount allowed in a rather detailed and, we think, accurate manner. Accordingly, we sustain respondent's determination on this issue. Depreciation of Automobile Petitioner claimed a deduction *108 of $2,103.34 for depreciation on an automobile purchased in 1969. Respondent argues that petitioner is entitled to a deduction for depreciation of only $660. Petitioner produced no credible evidence to support his claimed depreciation deduction. In fact, from what little evidence is available, it appears that his claimed cost for the 1969 Oldsmobile was inflated, as shown on his 1969 return. Respondent points out that the cost of this automobile to petitioner was no more than $5,000. Since the car was purchased in May 1969, depreciation thereon is allowable for only 8 months of 1969. . Moreover, the car was used for business only 90 percent of the time during these 8 months. Under the rule of (C.A. 2, 1930), we find that, based on an original cost of $5,000, an expected useful life of 3 years, a salvage value of $1,700 thereafter, 90 percent business use and ownership in 1969 for 8 months, the petitioner is entitled to a depreciation deduction of only $660 for that year. We hold that respondent is correct on this issue. Medical and Dental Expenses Petitioner claimed *109 deductions for medical and dental expenses in 1969 of $783.08. Respondent determined that he was entitled to a deduction of only $209.24. Again, petitioner offered no evidence to support any deduction claimed in excess of the amount allowed by respondent. Accordingly, we sustain respondent's determination on this issue. Charitable Contributions Petitioner claimed $1,060 as a deduction for charitable contributions in 1969, all of which respondent has disallowed. Petitioner failed to substantiate his claimed contribution of $560 to a synagogue. Besides, he testified that some of this contribution was tuition for the religious education of his child. Nor did petitioner present any evidence to substantiate his claimed contributions to the Red Cross or other charities. Petitioner has not met his burden of proof on this issue. Consequently, we sustain respondent's determination. Decision will be entered under Rule 155.* the respondent. Footnotes
*. By official Tax Court order dated August 30, 1974, and signed by Chief Judge Howard A. Dawson, Jr. this statement was changed. It previously read, "Decision will be entered for the respondent". ↩